This case was initially heard before Deputy Commissioner William C. Bost on March 11, 1997. During the hearing before the Deputy Commissioner, plaintiff put on lay witness testimony, and at the end of that testimony, the defendants made a motion to dismiss citing plaintiff's failure to prove that the Industrial Commission had jurisdiction over the claim. The Deputy Commissioner was of the opinion that an immediate ruling on this jurisdictional issue was appropriate and suspended the hearing pending the parties submission of briefs and proposed opinions on the jurisdictional issue. The information was received, and the Deputy Commissioner rendered an Opinion and Award filed on April 4, 1997 granting the defendant's motion to dismiss. The plaintiff gave notice of appeal to the Full Commission on May 21, 1997. The Full Commission heard arguments on this matter on October 31, 1997. The Full Commission by order filed on February 4, 1998 reopened the record for the parties to take the deposition of Dr. Janeway which was received by the Industrial Commission on May 18, 1998. This matter is now ready for a decision.
The appealing party has shown good grounds to reconsider the evidence. The Full Commission, in their discretion, have determined that this case shall be REMANDED to Deputy Commissioner William C. Bost for a hearing to allow for further testimony by lay witnesses.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury, the parties were bound by and subject to the Workers' Compensation Act, and the defendant employer regularly employed three or more persons.
2. At the time of the alleged injury giving rise to this case, the employer-employee relationship existed between the plaintiff-employee and the defendant-employer.
3. The employer is a qualified self-insurer, and at the time of the alleged injury, Alexsis, Inc., was acting as its third-party administrator.
4. For the purpose of this claim, the employee's average weekly wage is $545.60.
 ***************
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was 48 years old, married and had two children. Plaintiff is a high school graduate, and she is right-handed.
2. Plaintiff was first employed by the defendant-employer in November 1978. She was hired as a clerk and began working as a dispatcher in 1980. As a dispatcher, plaintiff's duties included keeping a log of service orders for ten to fourteen servicemen. She accomplished this by writing by hand in a log book. Plaintiff contends that this sometimes required her to write for as much as eight hours per day. In 1994, plaintiff was provided a computer, and her duties then began to include typing information using the computer keyboard.
3. Some time before 1994, plaintiff periodically experienced pain in her right hand, which she described as "writer's cramp." The pain in her hand and arm continued and progressively worsened after she started working with the computer. Plaintiff often had to hold her hand down and shake it to try to relieve the pain and numbness.
4. By July 1994, plaintiff felt that she needed to seek medical treatment for the problems that she felt she was having with her hand. Additionally, plaintiff felt her problems were a result of her work duties. Plaintiff saw Dr. Richard Janeway on July 12, 1994 and was diagnosed as having carpal tunnel syndrome. After having plaintiff undergo nerve conduction studies, Dr. Janeway recommended in July 1994 that plaintiff have surgery. Plaintiff ultimately decided not to have surgery at that time and went back to work with the employer. Plaintiff continued in her employment with the defendant-employer through the time of the initial hearing before the Deputy Commissioner.
5. Plaintiff returned to Dr. Janeway in March 1996, and again he recommended surgery. During this visit, plaintiff decided to proceed with the surgery, and it was performed in April 1996. Plaintiff was out of work for about six weeks after the surgery, but then returned to work before having further problems with her hand which required a second surgical procedure in July 1996.
6. Plaintiff did not attempt to report to her employer that the problems she was experiencing with her hands were related to her work until approximately the time she underwent the second surgery in 1996.
7. Plaintiff first filed her claim with the Industrial Commission by filing I.C. Form 18 and I.C. Form 33 on August 15, 1996. On both of these forms, plaintiff listed her date of injury as July 12, 1994, and she selected that date because that was when she first consulted with Dr. Janeway about her condition.
 ***************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The two year time limit under N.C. Gen. Stat. § 97-58
is applicable to this claim, and compliance with this provision is a condition precedent which the claimant must meet in order for the Industrial Commission to have jurisdiction over the claim. Dowdy v. Fieldcrest Mills, 308 N.C. 701,304 S.E.2d 215 (1983), reh. denied, 311 S.E.2d 590 (1984).
2. The two year period within which claims for benefits for an occupational disease must be filed begins running when an employee has suffered injury from an occupational disease which renders the employee incapable of earning, at any job, the wages the employee was receiving at the time of the incapacity, and the employee is informed by competent medical authority of the nature and work-related cause of the disease. The two-year period for filing claims for an occupational disease does not begin to run until all of these factors exist. Howard v. Square-DCompany, ___ N.C. App. ___, ___ S.E.2d ___ (1-6-1998);Dowdy v. Fieldcrest Mills, 308 N.C. 701, 304 S.E.2d 215
(1983), reh. denied, 311 S.E.2d 590 (1984); In the instant case, plaintiff was informed that she had an occupational disease on July 12, 1994, but she did not become incapable of earning wages until April 1996 when she went out of work for six weeks. The two required factors of competent medical authority linking the occupational disease to work-related conditions and plaintiff's incapacity to earn wages did not both exist until April 1996. Plaintiff filed an I.C. Form 19 alleging the contraction of an occupational disease in August of 1996; therefore, her claim was timely filed and not time barred.
 *********** ORDER
IT IS FURTHER ORDERED that this case shall be REMANDED to Deputy Commissioner William C. Bost for a hearing on the remaining issues and the taking of further lay testimony as offered by the plaintiff and the defendant.
This the 15th day of June 1998.
 S/ _____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
LKM:jth